# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VANESSA POWELL-McCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV196 |
| | ) | |
| SAM'S CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On February 8, 2010, Plaintiff Vanessa Powell-McCray filed a *pro se* Complaint in state court (Forsyth County), alleging that Defendant Sam's Club discriminated against her in terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964. She alleged discrimination on the basis of race, religion, national origin, and sex, and further alleged that Defendant retaliated against her. Defendant timely removed the action to this court on March 11, 2010. (Docket No. 1, Notice of Removal.)

In response to the Complaint, Defendant filed a motion to dismiss. (Docket No. 7.) Plaintiff has filed a response in opposition, and Defendant has filed a reply. The motion to dismiss is ready for a ruling.

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v.*

*Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

Upon review of Plaintiff's *pro se* Complaint, it is readily apparent to the Court that Defendant is entitled to judgment as a matter of law at this time. Plaintiff's complaint is sparse and often confusing. She appears to complain not only of actions by Defendant but of other "businesses, organizations, libraries, [and] schools." (Docket No. 4, Complaint ("Compl.") at 2.) She cites a 2007 EEOC charge she filed against Bojangles. She demands that harassment techniques through family, neighbor, community, and church should cease. (*Id*. at 2-3.) Her Complaint would not pass the *Twombly* test of plausibility in its present form. Moreover, it is unmistakably clear from her allegations and her EEOC charge underlying this matter that all of the actions of Defendant Sam's Club of which Plaintiff complains occurred prior to December 1, 2008. She filed her EEOC charge on November 3,

2009. (Docket No. 8, Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. 1.) The EEOC dismissed the charge as untimely on November 5, 2009. (*Id*., Ex. 2)

Plaintiff alleged in her EEOC charge that Defendant wrongly terminated her on October 1, 2008, and wrongly contested her claim for unemployment benefits on December 1, 2008. The Civil Rights Act of 1964 provides that, under circumstances applicable to this case, a Title VII charge of discrimination must be filed with the EEOC within 180 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). The time for filing a charge begins when the discriminatory act occurs. Here, the latest act of which Plaintiff complained in her EEOC charge occurred on December 1, 2008. Accordingly, her 180-day period to file a timely charge with the EEOC expired on or about May 30, 2009. She filed her charge on November 3, 2009, more than 6 months late.

As a matter of law, Plaintiff Powell-McCray cannot prevail in this case where her EEOC charge was untimely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). Accordingly, her Complaint against Defendant Sam's Club should be dismissed with prejudice.

## CONCLUSION

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket No. 7) be granted and that this action be dismissed with prejudice.

This the  23rd  day of August, 2010.


                                        /s/ P. Trevor Sharp                
                                     United States Magistrate Judge